**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: October 24, 2016**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MISSISSIPPI PHOSPHATES CORPORATION, *et al.*[1]** | ) | **CASE NO. 14-51667-KMS** |
| | ) | **Chapter 11** |
| **Debtors** | ) | **Jointly Administered** |
| | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FIRST AMENDED JOINT CHAPTER 11 PLAN OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
[Dkt. # 1168; 1640; 1641]

THIS MATTER came before the Court for hearing on September 1, 2016 (the "***Confirmation Hearing***"),[2] to consider confirmation of the *First Amended Joint Chapter 11*

[1] The chapter 11 cases of the following affiliated Debtors have been administratively consolidated for joint administration pursuant to that certain *Order Granting Motion of the Debtor for Order Directing Joint Administration of Affiliated Cases Pursuant to Bankruptcy Rule 1015(b)*, dated October 29, 2014 [Dkt. # 62]: Mississippi Phosphates Corporation ("***MPC***"), Case No. 14-51667, Ammonia Tank Subsidiary, Inc. ("***ATS***"), Case No. 14-51668 and Sulfuric Acid Tanks Subsidiary, Inc. ("***SATS***"), Case No. 14-51671. These chapter 11 cases are sometimes referred to herein as the "***Bankruptcy Cases***."

[2] Unless otherwise defined herein, all capitalized terms used in this *Order Confirming First Amended Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors* (the "***Confirmation Order***") shall have the same meanings ascribed to them in the Plan, the Disclosure Statement, the Bankruptcy Code, or the Bankruptcy Rules.

*Plan of the Debtors and the Official Committee of Unsecured Creditors* [Dkt. # 1168] (as supplemented by the Plan Supplement [Dkt. # 1627] and the Supplement to the Plan Supplement [Dkt. # 1667], and as may be further amended or supplemented from time to time, the "***Plan***") filed by Mississippi Phosphates Corporation, *et al.*, the Debtors and Debtors-in-possession (the "***Debtors***"), and the Official Committee of Unsecured Creditors (the "***Committee***").

On July 1, 2016, the Debtors and the Committee filed the *First Amended Disclosure Statement to Accompany the Joint Chapter 11 Plan of the Debtors and the Official Committee of Unsecured Creditors* [Dkt. # 1169] (the "***Disclosure Statement***") and the Plan. As reflected by the *Certificate of Service* [Dkt. # 1604], the Debtors and Committee served the Plan, the Disclosure Statement, and the *Order and Notice for Hearing on Disclosure Statement* [Dkt. # 1133] on all Holders and parties in interest in conformance with Bankruptcy Rules 2002 and 3017.

On July 8, 2016, the Court entered its *Order Approving Disclosure Statement to Accompany the Joint Chapter 11 Plan of Debtors and the Official Committee of Unsecured Creditors* [Dkt. # 1173] and its *Order (1) Approving Disclosure Statement to Accompany the Joint Chapter 11 Plan of Debtors and the Official Committee of Unsecured Creditors; (2) Establishing Record Date for Voting; (3) Fixing Time for Filing Acceptances or Rejections to the Joint Chapter 11 Plan; (4) Authorizing Solicitation Procedures; and (5) Notice of Hearing on Joint Chapter 11 Plan of Debtors and the Official Committee of Unsecured Creditors* [Dkt. # 1174], which was amended on July 12, 2016 by that certain *Amended Order (1) Approving Disclosure Statement to Accompany the Joint Chapter 11 Plan of Debtors and the Official Committee of Unsecured Creditors; (2) Establishing Record Date for Voting; (3) Fixing Time for*

*Filing Acceptances or Rejections to the Joint Chapter 11 Plan; (4) Authorizing Solicitation Procedures; and (5) Notice of Hearing on Joint Chapter 11 Plan of Debtors and the Official Committee of Unsecured Creditors* [Dkt. # 1201] (the "***Disclosure Statement Order***"), finding that the Disclosure Statement submitted by the Debtors contained adequate information as required by Bankruptcy Code section 1125(b). The Disclosure Statement Order also set August 22, 2016, as the last day for filing objections to the confirmation of the Plan and for ballots to be cast, and it further set the Confirmation Hearing for Thursday, September 1, 2016, at 10:00 a.m., prevailing Central Time, pursuant to Bankruptcy Code section 1128 and Bankruptcy Rule 3020.

As reflected by the *Affidavit of Service* which was filed by BMC Group, Inc., the Court-approved claims and noticing agent ("***BMC***") [Dkt. # 1604], on July 15, 2016, BMC served the Solicitation Materials on each creditor and party in interest in these Bankruptcy Cases in the manner reflected in the *Affidavit of Service*.

On August 26, 2016, the Debtors filed its *Ballot Summary and Certification* [Dkt. # 1657] which included the Voting Tabulation prepared by BMC, reflecting the tabulation of the votes submitted by the holders of all Classes of Claims (the "***Voting Tabulation***"), as well as a copy of all ballots cast with respect to the Plan. The *Ballot Summary and Certification* and Voting Tabulation indicated: (i) two impaired classes of claims (Classes 1 and 6) voted to accept the Plan by the required levels of numerosity and dollar amounts; (ii) three classes of claims (Classes 2, 3, and 5) were deemed to accept the Plan; (iii) two classes of claims (Classes 4 and 7) did not vote; and (iv) no impaired classes voted to reject the Plan.

Pursuant to Bankruptcy Code section 1128(a), the Court held a Confirmation Hearing commencing on September 1, 2016, at 10:00 a.m., which hearing was to consider confirmation

of the Plan. The Debtors announced certain modifications to the Plan ("***Plan Modifications***") at the Confirmation Hearing, which Plan Modifications are incorporated into this Order.

Based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, the pleadings, briefs, memoranda, and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); (iii) the Plan; and (iv) having taken judicial notice of the record in these Bankruptcy Cases; and after due deliberation thereon, and good cause appearing, the Court finds, determines, and concludes as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Findings of Fact and Conclusions of Law. This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. Exclusive Jurisdiction. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O). This matter arises under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "***Bankruptcy Code***" or the "***Code***"). Jurisdiction is vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334 (a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1). The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and the Court has the power and authority to enter a final order with respect thereto.

3. Venue. Venue of these Bankruptcy Cases is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Chapter 11 Petitions. On October 27, 2014 (the "***Petition Date***"), the Debtors filed their voluntary petitions for relief and thereby commenced these bankruptcy cases under chapter 11, title 11 of the United States Code (the "***Bankruptcy Code***"), in the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division (the "***Court***"). Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors operated their business and managed their properties as debtors-in-possession. No trustees or examiners have been appointed.

5. Unsecured Creditors Committee. An Official Committee of Unsecured Creditors (the "***Committee***") was appointed by the United States Trustee in these Bankruptcy Cases on November 12, 2014 [Dkt. # 161], and the Court has approved the Committee's retention of Burr & Forman LLP as counsel for the Committee [Dkt. # 473].

6. Judicial Notice. The Court takes judicial notice of the docket of the Bankruptcy Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Bankruptcy Cases.

7. Burden of Proof. The Debtors have the burden of proving the elements of Bankruptcy Code sections 1129(a) by a preponderance of the evidence.

8. Notice and Due Process. As reflected by its *Affidavit of Service* [Dkt. # 1604], the Debtors served the Disclosure Statement Order, the Plan, the Disclosure Statement, and a Ballot to each party listed on the Court Matrix in conformance with Bankruptcy Rules 2002, 3017, and 3020, and in conformance with the requirements of the Disclosure Statement Order. The notice

of the Plan and the Confirmation Hearing has been reasonable, adequate, and sufficient in all respects. Any and all Holders of Claims and Interests, parties-in-interest, and governmental units entitled to receive notice of the Confirmation Hearing had the opportunity to appear and be heard at the Confirmation Hearing.

9. Plan Supplement. On August 17, 2016, the Debtors filed a *Notice of Plan Supplement* [Dkt. # 1627] which included the Liquidation Trust Agreement, and on August 30, 2016, the Debtors filed a *Notice of Supplement to the Plan Supplement* [Dkt. # 1667].

10. Notice of Confirmation Hearing. The Debtors have given notice of the Confirmation Hearing in accordance with the Disclosure Statement Order. The Solicitation Materials prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017.

11. Distribution. All procedures used to distribute the Solicitation Materials to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations. The solicitation of votes on the Plan and the distribution of the Ballots by BMC to all classes entitled to vote and the tabulation were made in accordance with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules and were made by the Debtors in good faith.

12. Solicitation of Votes. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment provided under the Plan were solicited in good faith and satisfy Fed. R. Bankr. P. 3018. The Solicitation Package was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy

Code sections 1125 and 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

13. Ballot Summary. On August 26, 2016, the Debtors filed its *Ballot Summary and Certification* [Dkt. # 1657] which included the Voting Tabulation prepared by BMC, reflecting the tabulation of the votes submitted by the holders of all Classes of Claims, as well as a copy of all ballots cast with respect to the Plan. As either indicated on the *Ballot Summary and Certification* and Voting Tabulation or as subsequently resolved as the Confirmation Hearing: (i) the impaired class of claims (Class 6) voted to accept the Plan by the required levels of numerosity and dollar amounts; (ii) three classes of claims (Classes 2, 3, and 5) were deemed to accept the Plan; (iii) no impaired classes voted to reject the Plan, although Class 8 [Equity Interests] was deemed to reject the Plan; and (iv) all voting Class 1 creditors, including Chemours, have voted to accept the Plan as modified herein. For the avoidance of doubt, Chemours has agreed to amend its ballot and vote to accept the Plan as modified herein.

14. Objections to Confirmation. Objections to the confirmation of the Plan were timely filed by The Chemours Company, LLC, successor-in-interest to E. I. du Pont de Nemours and Company ("***Chemours***") [Dkt. # 1640] and by the Office of the United States Trustee ("***UST***") [Dkt. # 1641]. The objection of Chemours was resolved, as announced at the Confirmation Hearing and as addressed herein, as primarily set forth in Paragraph 44 *infra*. The objection of the UST also was partially resolved as announced at the Confirmation Hearing and as addressed herein, except as to the issue as to the permissible scope of the exculpation provision, which is also addressed herein. No other objection was filed by any Holder of a claim or interest, by any governmental unit, or by any other party in interest.

15. Acceptances of the Plan. Subject to the Chemours resolution incorporated herein, the Plan has been duly accepted by the Holders of each class whose acceptance is required in accordance with the provisions of Bankruptcy Code sections 1126(b) and 1126(c).

16. Confirmation Hearing. The Confirmation Hearing was held in accordance with the Disclosure Statement Order and Bankruptcy Code section 1128(a) and Bankruptcy Rule 3020(b)(2).

17. Identification of Plan Proponents – Fed. R. Bankr. P. 3016(a). The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponents of the Plan.

18. Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

(a) Proper Classification – 11 U.S.C. §§ 1122 and 1123(a)(1). In addition to certain Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designated eight (8) Classes of Claims, of which Classes 1, 4, 6, 7, and 8 were impaired and Classes 2, 3, and 5 were unimpaired. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

(b) Specified Any Class that Is Not Impaired – 11 U.S.C. §1123(a)(2). The Plan specifies that Classes 2, 3, and 5 are not impaired under the Plan. Therefore, the

Plan complies with Bankruptcy Code section 1123(a)(2).

(c) Specified Treatment of Impaired Classes – 11 U.S.C. §1123(a)(3). Article IV of the Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

(d) No Discrimination – 11 U.S.C. § 1123(a)(4). The Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

(e) Implementation of the Plan – 11 U.S.C. § 1123(a)(5). Article V of the Plan provides adequate and proper means for implementing the Plan. Section 5.1 provides for substantive consolidation of the Debtors. Section 5.2 provides for the implementation and effectuation of certain previously approved settlements and compromises (the Environmental Settlement Agreement and the Committee Settlement Agreement) as being the basis and foundation of the Plan and as providing the funds for the implementation of the Plan. Section 5.3 provides that all property of the bankruptcy estates of the Debtors will vest in the MPC Plan Trustee free and clear of all Claims, Liens, encumbrances, charges and other interests, but specifically subject to the obligations of the Debtors and the MPC Plan Trustee as provided in the Plan. Sections 5.4 and 5.5 provide for the distribution of the BP Proceeds in relation to a Trust All-Asset Sale Closing, while sections 5.6 and 5.7 provide for the distribution of proceeds of MPC Liquidation Trust Assets in relation to the closure of a Trust All-Asset Sale. Section 5.8 provides for a modification of the distribution and allocation and priority of proceeds in the event of an All-Asset Sale, including an Alternative Transaction, under certain

circumstances, in accordance with the provisions of the Environmental Settlement Agreement. Section 5.9 provides for the approval of the treatment, distribution, priorities, and amounts of the BP Proceeds and the proceeds from the sale of the Debtors assets through the Alternative Transaction. Section 5.10 provides for a timetable for the release from escrow of the Estate Settlement Payment to the Liquidating Trustee. Section 5.11 provides for the implementation of the Order and Judgment related to the 320-acre parcel adjacent to the MPC facility in Jackson County, Mississippi, which MPC was ordered to deed, unencumbered, in fee simple, to the Mississippi Department of Marine Resources to become part of the Grand Bay National Estuarine Research Reserve. Section 5.12 identifies the sources of payments by which the Plan will be implemented. Section 5.13 identifies and preserves avoidance actions and causes of action against Potential Parties.

(f) Provision in Charter – 11 U.S.C. § 1123(a)(6). Section 15.8 of the Plan provides that (a) all existing Equity Interests shall, without further act or action by any party, be cancelled, annulled and extinguished, and any certificates representing such cancelled, annulled and extinguished Equity Interests shall be null and void; and (b) the Debtors shall be deemed dissolved. No new non-voting equity securities will be issued under the plan, and, therefore, Bankruptcy Code section 1123(a)(6) is not applicable to the Plan.

(g) Selection of Officers and Directors – 11 U.S.C. § 1123(a)(7). The Debtors properly and adequately disclose the MPC Plan Trustee in section 6.2 of the Plan, as well as the members of the MPC Oversight Committee in the Plan Supplement and the Supplement to the Plan Supplement, thereby satisfying Bankruptcy Code section

1123(a)(7). Further, the Plan contains only provisions that are consistent with the interests of creditors and with public policy, and therefore satisfies the requirements of Bankruptcy Code section 1123(a)(7).

(h) Debtors Not Individuals – 11 U.S.C. § 1123(a)(7). Because the Debtors are not individuals, Bankruptcy Code section 1123(a)(8) is not applicable.

(i) Additional Plan Provisions – 11 U.S.C. § 1123(b). The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code and therefore meet all of the permissive requirements of Bankruptcy Code section 1123(b).

(1) Bankruptcy Code Section 1123(b)(1). The Plan impairs or leaves unimpaired certain Classes of Claims, as permitted by Bankruptcy Code section 1123(b)(1).

(2) Bankruptcy Code Section 1123(b)(2). Pursuant to the Plan, the Debtors have exercised sound business judgment in determining that all Executory Contracts or unexpired Leases of the Debtors shall be deemed rejected, except those previously assumed pursuant to a final order previously entered by this Court, as permitted by Bankruptcy Code section 1123(b)(2).

(3) Bankruptcy Code Section 1123(b)(3). The Plan provides for a mechanism for the settlement or adjustment of any Claim belonging to the Debtors or the enforcement of any such Claim by a representative of the estates, as permitted by Bankruptcy Code section 1123(b)(3).

(4) Bankruptcy Code Section 1123(b)(4). The Plan provides for distributions of Cash to be paid by the MPC Plan Trustee from Cash on hand

realized, in part, from the sale or transfer of certain property of the Debtors effectuated through prior orders of the Court.

(5) Bankruptcy Code Section 1123(b)(5). The Plan provides for a permissible modification of the rights of Holders of secured Claims or unsecured Claims as permitted by Bankruptcy Code section 1123(b)(5).

(6) Bankruptcy Code Section 1123(b)(6). The Plan contains other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including the exculpation provisions of section 14.3 of the Plan, as modified by Section L of this Order, and therefore complies with Bankruptcy Code section 1123(b)(6).

19. Debtors' Compliance with the Bankruptcy Code – 11 U.S.C. § 1129(a)(2). The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). Specifically, Jonathan J. Nash testified at the Confirmation Hearing that:

(a) The Debtors are eligible for relief under title 11 in accordance with Bankruptcy Code section 109;

(b) the Debtors have complied with applicable provisions of the Bankruptcy Code and Orders of the Court; and

(c) The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Materials and related documents and notices and in soliciting and tabulating votes on the Plan.

20. Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). Based upon the evidence presented at the Confirmation Hearing and the totality of circumstances surrounding the formulation of the Plan, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code. Based on the record before the Court in these Bankruptcy Cases, the Debtors and their directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives and the Committee and its members, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of its respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and its participation in the activities described in Bankruptcy Code section 1125.

21. Payment for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4). Any payments made or to be made by the Debtors for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

22. Identification of Directors, Officers, and Insiders – 11 U.S.C. § 1129(a)(5). The Debtors have complied with Bankruptcy Code section 1129(a)(5) by disclosing in the Plan and the Plan Supplement the identity and affiliations of entities and individuals who will serve, after confirmation of the Plan, as the MPC Plan Trustee (Berkeley Research Group, LLC), who shall be vested with full legal power, capacity and authority, and shall be directed to administer,

collect and liquidate the Debtors' remaining Assets and to administer and implement the Plan, as well as the members of the MPC Oversight Committee. Because the Debtors will be dissolved after the Effective Date, there will be no officers or directors of the Debtors.

23. No Rate Changes – 11 U.S.C. § 1129(a)(6). No governmental regulatory commission has jurisdiction over rates of the Debtors after confirmation of the Plan. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in these Bankruptcy Cases.

24. Best Interests of Creditors Test – 11 U.S.C. § 1129(a)(7). The Plan satisfies Bankruptcy Code section 1129(a)(7). The Disclosure Statement, the Plan, and evidence adduced at the Confirmation Hearing: (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

25. Acceptance by All Impaired Classes – 11 U.S.C. § 1129(a)(8). Based upon the evidence adduced at the Confirmation Hearing, the Plan does not satisfy the requirement of Bankruptcy Code section 1129(a)(8) that all impaired classes of claims or interests have accepted the plan, as provided in 11 U.S.C. § 1126, or any non-accepting class is unimpaired under the Plan. The Holders of Claims in Classes 1, 4, 6, and 7, each of which is an impaired Class under the Plan, have either accepted the Plan or are deemed to have accepted the Plan. The Holders of Claims in Classes 2, 3, and 5, which are not impaired under the Plan, are conclusively deemed to

have accepted the Plan pursuant to Bankruptcy Code section 1126(f). The Holders of Interests in Class 8, however, are deemed not to have accepted the Plan pursuant to Bankruptcy Code section 1126(g). Therefore, with respect to each Class, except Class 8, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(8).

26. Treatment of Administrative, Other Priority Claims, and Priority Tax Claims – 11 U.S.C. § 1129(a)(9). The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C). Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that each Holder of a Claim of a kind specified in Bankruptcy Code sections 507(a)(1) through (a)(8), as soon after the Effective Date as practicable or on the date of which such Claim becomes Allowed in accordance with Paragraph 44 herein, will receive on account of such Claim, Cash equal to the Allowed amount of the Claim. Therefore, the Plan complies with Bankruptcy Code section 1129(a)(9).

27. Acceptance by Impaired Classes – 11 U.S.C. § 1129(a)(10). At least one Class of Claims for each respective Debtor that is impaired under the Plan has accepted the Plan, thereby satisfying Bankruptcy Code section 1129(a)(10).

28. Feasibility – 11 U.S.C. § 1129(a)(11). The Plan satisfies the feasibility requirement of Bankruptcy Code section 1129(a)(11). Specifically, the Plan is not likely to be followed by the need for further reorganization.

29. Payment of Fees – 11 U.S.C. § 1129(a)(12). All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

30. Continuation of Retiree Benefits – 11 U.S.C. § 1129(a)(13). The Debtors do not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code section 1129(a)(13) is not applicable to any of the Debtors.

31. Domestic Support Obligation – 11 U.S.C. § 1129(a)(14). The Debtors are not subject to a domestic support obligation, and therefore Bankruptcy Code section 1129(a)(14) is not applicable to any of the Debtors.

32. Debtors Not Individuals – 11 U.S.C. § 1129(a)(15). Bankruptcy Code section 1129(a)(15) is not applicable because the Debtors are not individuals.

33. Transfers of Property – 11 U.S.C. § 1129(a)(16). The Plan does not provide for the sale of any of the Debtors' property. Thus, Bankruptcy Code section 1129(a)(16) is inapplicable. The only transfer of real property required under the Plan (the 320-acre parcel) is to be made in accordance with any applicable provisions of nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus, the Plan satisfies Bankruptcy Code section 1129(a)(16).

34. Compliance with the Requirements of Section 1129(b). The Plan further meets all of the permissive requirements of Bankruptcy Code section 1129(b).

(a) Bankruptcy Code Section 1129(b)(1). The Plan complies with Bankruptcy Code section 1129(b)(1) in that all applicable requirements of Bankruptcy Code section 1129(a) other than section 1129(a)(8) have been met with respect to the Plan and that with respect to the Holders of all Claims or Interests, the Plan does not discriminate unfairly and is fair and equitable within the meaning of Bankruptcy Code section 1129(b)(2)(C), as applicable, because no Holder of any Interest will receive or retain any property under the Plan on account of such Interest, and therefore there is no

Holder of any Claim or Interest that is junior to the Claims of such impaired Class that will receive or retain under the plan on account of such junior Claim or Interest any property as required by Bankruptcy Code section 1129(b)(2)(C). All of the requirements of Bankruptcy Code section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtors, (b) all holders of Claims against the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in these Chapter 11 Cases, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

(b) Compliance with the Requirements of Section 1129(d). The principal purpose of the Plan is not avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act, and there has been no request filed by any governmental unit to the contrary.

35. Satisfaction of Confirmation Requirements. As set forth above, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

36. Bankruptcy Code Section 1141. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtors, (b) the MPC Plan Trustee, (c) all holders of Claims against the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (d) any other party in interest, (e) any Person making an appearance in these Bankruptcy Cases, and (f) each of the foregoing's respective

heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

37. Exemption from Certain Taxes – Bankruptcy Code Section 1146(a). The making and delivery of any bill of sale or any other related transfer instruments contemplated under the Plan constitutes the making or delivery of an instrument of transfer under a plan confirmed under Bankruptcy Code section 1129 within the meaning of Bankruptcy Code section 1146(a). All transfers and issuances by the Debtors and the MPC Plan Trustee are transfers under the Plan free from the imposition of taxes of the kind specified in Bankruptcy Code section 1146(a) and are subject to the exemptions of Bankruptcy Code section 1145.

38. Specific and Unequivocal Reservation and Preservation of Claims. In Section 5.13 of the Plan, the Debtors specifically and unequivocally reserved for the Governments all rights to insurance coverage for environmental liabilities for amounts spent by the Governments, the Environmental Trust, the Debtors, and the Debtors' predecessors, all of which were preserved to the fullest extent permitted by law, and are assigned to the Environmental Trust, as provided by the terms of the *Order Approving Debtors' Motions for Approval of Sale Motion (Dkt. No. 819), Committee Settlement (Dkt. No. 501), Government Settlement (Dkt. No. 818), and DOJ Settlement (Dkt. No. 870)* [Dkt. # 937] and the Government Settlement Order [Dkt. # 949].

Further, the Plan provides for a specific and unequivocal reservation for the MPC Plan Trustee (as successor in interest to the Debtors), the right to assert, after the confirmation of the Plan herein, any and all of the Claims, rights, and Causes of Action, and all proceeds of the foregoing, including, but not limited to, those listed in Section 5.13 of the Plan (which was a non-exclusive list of Potential Parties against whom the MPC Plan Trustee may assert Claims and Causes of Action) and those listed in Schedule 5.13 to the Plan. The reservation and

preservation of such Claims and Causes of Action is permissible and proper. The Plan has preserved the rights of the Governments and the MPC Plan Trustee to have standing to bring post-confirmation actions on these claims that once belonged to the bankruptcy estate because the confirmed plan expressly provides for the "retention and enforcement by the debtor" of such Claims and Causes of Action. *See* 11 U.S.C. § 1123(b)(3)(B). Further, the reservation and preservation of these Claims and Causes of Action was an "appropriate provision not inconsistent with the applicable provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 1123(b)(6).

39. Exculpations and Injunctions. The exculpations and injunctions set forth in the Plan, as modified by this Order: (a) are within the jurisdiction of this Court pursuant to 28 U.S.C. § 1334; (b) are each an essential means of implementing the Plan pursuant to Bankruptcy Code section 1129(a)(5); (c) confer material benefits on, and thus are in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (d) are, under the facts and circumstances of this Case, consistent with and permitted pursuant to Bankruptcy Code sections 105, 524, 1123(b), and 1129 and all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law. Further, reasonable, adequate, and sufficient notice of and opportunity to be heard with respect to such exculpations and injunctions has been provided under the circumstances and such notice and opportunity has complied with all provisions of the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules and law, including, without limitation, Bankruptcy Rules 2002(c)(3), 3016(c), 3017(f), 3020, and 9019.

40. Bankruptcy Code Section 1111(a). Except as to a Claim to which the MPC Plan Trustee may object, pursuant to Bankruptcy Code section 1111(a) and Bankruptcy Rule 3003,

Claims listed in the Debtors' Schedules filed pursuant to Rule 1007(b)(1), as amended, for which no Proof of Claim was filed by the Bar Date and as to which no objection has been filed, are hereby deemed Allowed in such amounts as are contained in such Schedules, and all Claims listed in the Debtors' Schedules as disputed, contingent, or unliquidated and for which no Proof of Claim was filed by the Bar Date are hereby forever barred, estopped, cancelled, and enjoined, and the Holders of such Claims are not entitled to any recovery from the Debtors under the Plan.

41. Objections. All objections to the Plan, as modified herein, were withdrawn, settled, or overruled.

42. Plan Modifications. The modifications to the Plan stated on the record at the Confirmation Hearing and set forth herein do not materially or adversely affect or change the treatment of any holder of a Claim who has not accepted the modifications. Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under Bankruptcy Code section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code section 1126, nor do they require that holders of claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of these Bankruptcy Cases.

43. Claims. Unless otherwise allowed as an Administrative Expense Claim by previous Order of the Court, as provided in section 2.1.1 of the Plan, any person or entity asserting a Claim for an Administrative Expense Claim shall file such Claim within fourteen (14) days of the Effective Date, or such other date as may be fixed by the Court, failing in which any Administrative Expense Claim will be waived, discharged, and forever barred and cancelled, and

the Holders of such Claims shall not be entitled to any recovery under the Plan and shall be estopped and enjoined from asserting such Administrative Expense Claim.

44. Initial Payment of Allowed Administrative Expense Claims. Within thirty (30) days following the Effective Date, the Plan Trustee shall make a distribution of $40,000.00 (the "***First Interim Admin Claim Distribution***") pro rata to holders of all Allowed Administrative Expense Claims (except for Professional Administrative Expense Claims). For any distribution to holders of Allowed Administrative Expense Claims following the First Admin Claim Distribution, all Allowed Administrative Expense Claims (including Professional Administrative Expense Claims) shall receive distributions pro rata. For any distribution to holders of Allowed Administrative Expense Claims, including the First Interim Admin Claim Distribution, the MPC Plan Trustee shall hold a reserve for any Administrative Expense Claims (except for Professional Administrative Expense Claims) for which a final Order has not been entered allowing such Administrative Expense Claim. The Plan Trustee shall make interim distributions to holders of Allowed Administrative Expense Claims whenever there is at least $500,000.00 available after taking into account an appropriate reserve, which amount of reserve shall be determined by the MPC Oversight Committee in its sole and reasonable discretion. Upon Chemours' request, counsel for the MPC Oversight Committee shall provide Chemours with information regarding the status of distributions to holders of Allowed Administrative Expense Claims, including but not limited to, the amount available for distribution and the reserve. Nothing herein, however, shall limit the ability of the Plan Trustee to make an interim distribution, in consultation with the MPC Oversight Committee, where there is less than $500,000 available after taking into account an appropriate reserve.

45. Subordination of PHI Claims. Nothing in the Plan or this Confirmation Order shall alter or affect paragraph 6 of the Committee Settlement Agreement [Dkt. # 501-1, at page 6 of 13], dated as of February 17, 2015, by and among the Debtors, PHI, the Lender Parties, the Environmental Agencies and the Committee, which was approved by the Bankruptcy Court in the *Order Approving Debtors' Motions for Approval of Sale Motion (Dkt. No. 819), Committee Settlement (Dkt. No. 501), Government Settlement (Dkt. No. 818), and DOJ Settlement (Dkt. No. 870)* [Dkt. # 937] and in the Committee Settlement Order [Dkt. # 949], which provides as follows: "6. Subordination of PHI Claims: " [A]ny claim made by Guarantor [PHI] in the Bankruptcy Cases shall be subordinated to general unsecured claims."

46. Inconsistent Terms. Nothing in the Plan or this Confirmation Order shall alter or affect paragraph 93 of the Government Settlement Agreement among the Debtors, PHI, the Lenders Parties, the EPA, the MDEQ, and the Environmental Trustee [Dkt. # 818-1, at page 53 of 77], which was approved by the Bankruptcy Court in the *Order Approving Debtors' Motions for Approval of Sale Motion (Dkt. No. 819), Committee Settlement (Dkt. No. 501), Government Settlement (Dkt. No. 818), and DOJ Settlement (Dkt. No. 870)* [Dkt. # 937] and in the Government Settlement Order [Dkt. # 950], which provides as follows: "93. Inconsistent Terms. In the event of an inconsistency between the terms of this Settlement Agreement and the Committee Settlement, the terms of this Settlement Agreement shall control."

47. Retention of Jurisdiction. The Court may properly, and hereby does, retain jurisdiction over the Debtors and the MPC Plan Trustee with respect to the matters set forth in the Plan and this Confirmation Order.

48. Plan Should Be Confirmed. For all of the foregoing reasons, the Plan is confirmable and should be confirmed.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

A. Confirmation of the Plan. The Plan is approved and confirmed under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

B. Objections. Any objections to the Plan as modified herein that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

C. Approval of Plan Modifications. The modifications set forth on the record at the Confirmation Hearing or set forth herein are approved. The Plan, as so modified, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

D. Effects of Confirmation; Effectiveness; Successors and Assigns. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the MPC Plan Trustee to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) the MPC Plan Trustee (c) all holders of Claims against the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (d) any other party in interest, (e) any Person making an appearance in these Bankruptcy Cases, and (f) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

E. Injunction. The injunction provisions of section 14.4 of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

F. Injunction against Interference with the Plan. Pursuant to section 14.4 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Bankruptcy Code section 105 from taking any action to collect or enforce any Claim directly or indirectly against the MPC Plan Trustee in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

G. Plan Implementation. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided for in a particular document under the Plan.

H. Effective Date. Notwithstanding any provision to the contrary in the Plan, the Effective Date of the Plan shall be 12:01 a.m., prevailing Central Time, on October 25, 2016.

I. Notice of Effective Date. Within ten (10) Business Days following the occurrence of the Effective Date, the MPC Plan Trustee shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002 and shall file with the Court a certificate of service of such notice having been effected.

J. Binding Effect. On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the (a) Debtors; (b) the MPC Plan Trustee; (c) all present and future holders of Claims, including all governmental

entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (d) any other party in interest; (e) any person making an appearance in these Bankruptcy Cases; and (f) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

K. Non-Discharge of Plan Obligations. Nothing in this Confirmation Order or the Plan shall operate as a discharge of any Claim, obligation, or liability that is to be paid or performed under or pursuant to the Plan.

L. Covered Parties. Section 1.1.40 of the Plan is amended so that "Covered Parties" means the Committee, and any of their respective present or former members, officers, directors, employees, agents, advisors, attorneys and professionals or other representatives, before or after the Petition Date up to and including the Effective Date; provided, however, that as to the Committee and any of its present and former members, said time period shall include from and after the Petition Date through and including the date of entry of a final decree closing these Cases.

M. Vesting of Assets. Upon the Effective Date, in accordance with Bankruptcy Code sections 1141(b)-(c) and pursuant to section 5.3 and the terms of the Plan, all assets, property, and interests in property of the Debtors and all property of the estate of the Debtors will vest in the MPC Plan Trustee free and clear of all Claims, Liens, encumbrances, charges, and other interests, but specifically subject to the obligations of the Debtors and the MPC Plan Trustee as provided in the Plan and this Confirmation Order.

N. MPC Plan Trustee Authorization. Upon the Effective Date, the MPC Plan Trustee is empowered and authorized to, among other things: (a) collect and liquidate the

Debtors' remaining assets; (b) make the distributions required under the Plan; (c) pursue Avoidance Actions in accordance with his/her reasonable business judgment; (d) retain and/or employ professionals; (e) exercise all powers and authority that may be exercised by any officer, director or holder of an Interest in the Debtors with like effect as if authorized, exercised and taken by unanimous consent of such officers, directors or holders of Interests including, without limitation, dissolving the Debtors; (f) pursue objections to, and estimations and settlements of Claims; (g) prosecute any Cause of Action of the bankruptcy estates, including Avoidance Actions; (h) calculate and implement all distributions to be made under this Plan to Creditors holding Allowed Claims; (i) market, sell, lease or otherwise dispose of or realize the value of all Assets; (j) invest Cash held by him in accordance with the Plan for the benefit of the holders of Allowed Claims in short term overnight investments or longer term investments as permitted by Bankruptcy Code section 345; (k) file all required tax returns and pay taxes and all other obligations on behalf of the Debtors; (l) file required operating reports; and/or (m) take all other actions required under the Plan to complete the liquidation, dissolution and wind-up of the Debtors in accordance with applicable non-bankruptcy law, the Plan and this Confirmation Order.

O. MPC Plan Trustee Replacement. Section 6.12 of the Plan is amended so that the language that states, "The United States Trustee may replace the MPC Plan Trustee, after notice and a hearing, for any grounds provided in section 1104(a) of the Bankruptcy Code" is hereby removed from the Plan. In the event of the death, resignation, or removal of the MPC Plan Trustee, the MPC Oversight Committee shall appoint a successor MPC Plan Trustee.

P. Government Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any

other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

Q. Assumption or Rejection of Executory Contracts and Unexpired Leases. The assumption and assignment or the rejection of Executory Contracts and unexpired Leases, as provided in the Plan or prior orders of this Court, shall be, and hereby is, approved in all respects. All Executory Contracts or unexpired Leases that have not been assumed or rejected to date shall be, and hereby are, deemed rejected.

R. Rejection Damage Claims. Section 12.3 of the Plan requires the Holders of rejection claims arising out of the rejection of Executory Contract or Unexpired Lease to file any such rejection claims with the Court on or before ten (10) days after the date first set for the hearing on the approval of the Disclosure Statement (which Disclosure Statement Hearing was first set for June 16, 2016). Any Claim not filed within such time will be forever barred from assertion against the Debtors, the bankruptcy estates or the MPC Plan Trustee.

S. Exculpation. The exculpation provisions set forth in section 14.3 of the Plan, as modified by Section L of this Order, are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

T. Good Faith Solicitation. Based upon the record before the Court, the Debtors and its directors, officers, employees, shareholders, representatives, members, attorneys, accountants, professionals, and all other advisors have acted, and are hereby deemed to have acted, in "good faith" within the meaning of Bankruptcy Code section 1125(e) with respect to all of their activities relating to the solicitation of acceptances for the Plan.

U. Administrative Claims. Unless otherwise allowed as an Administrative Expense Claim by previous Order of the Court, pursuant to section 2.1.1 of the Plan, all requests for the allowance and payment of an Administrative Expense Claim (other than a Professional Administrative Expense Claim) must be filed as a motion with the Bankruptcy Court within fourteen (14) days after the date of the entry of the Confirmation Order, and such motion shall be served upon the Debtors, the MPC Plan Trustee, and other parties-in-interest, in accordance with the Bankruptcy Code and the Bankruptcy Rules, or such other date as approved by order of the Bankruptcy Court. Holders of alleged Administrative Expense Claims must satisfy their burden regarding allowance and payment of Administrative Expense Claims. The failure to file and serve such a motion or application for allowance and payment of an Administrative Expense Claim timely and properly shall result in the Administrative Expense Claim being forever barred and discharged. For the avoidance of doubt, an Administrative Expense Claim asserted through a proof of claim filed in the Bankruptcy Cases is invalid unless a timely motion for allowance and payment of an Administrative Expense Claim is filed.

V. Professional Fee Claims. Pursuant to section 2.1.1 of the Plan, the Holder of a Professional Administrative Expense Claim must file a motion or application for the allowance and payment of such Professional Administrative Expense Claim with the Bankruptcy Court within forty-five (45) days of the date of the entry of the Confirmation Order. Holders of Professional Administrative Expense Claims must satisfy their burden regarding allowance and payment of Professional Administrative Expense Claims. The failure to file and serve such a motion or application for allowance and payment of a Professional Administrative Expense Claim timely and properly shall result in the Professional Administrative Expense Claim being forever barred and discharged.

W. Payment of Fees. With respect to amounts due to the Office of the United States Trustee, the MPC Plan Trustee shall pay the appropriate sum required by 28 U.S.C. § 1930(a)(6) within thirty (30) days of the Effective Date. The MPC Plan Trustee, and any of its successors or assigns, shall timely pay to the United States Trustee the appropriate sum for quarterly United States Trustee fees required under 28 U.S.C. § 1930(a)(6) for each calendar quarter up to and including the calendar quarter containing the date of conversion, dismissal, or closing of the case. Additionally, the MPC Plan Trustee, and any of its successors or assigns, shall timely file with the Court and submit to the United States Trustee any and all remaining monthly operating reports ("***MORs***") and all post-confirmation MORs in accordance with the United States Trustee's *Chapter 11 Operating Guidelines and Reporting Requirements* up to and including the date of conversion, dismissal, or closing of these Bankruptcy Cases.

X. No Further Corporate Action. All actions and transactions contemplated by the Plan are hereby authorized without the need of further resolutions by the board of directors or the shareholders, or any other approval, notice or meetings other than the notice previously provided by serving this Plan on all known Holders and parties in interest of the Debtors.

Y. Reversal. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or

vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

Z. The MPC Plan Trust is a "Successor" as defined in the Government Settlement Agreement and shall be entitled to access to the Debtors' documents, information or records in the possession, custody, or control of the MPC Environmental Trust or the MPC Liquidation Trust as more fully set forth in Paragraph 88 of the Government Settlement Agreement.

AA. Retention of Jurisdiction. Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in section 17.1 and other terms of the Plan, for any purpose, including all jurisdiction necessary to ensure that the provisions of the Plan and this Confirmation Order are carried out.

BB. Injunction against Interference with the Plan. Upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Bankruptcy Code section 105 from taking any action to correct or enforce any Claim directly or indirectly against the Debtors or the MPC Plan Trustee in any manner inconsistent with the terms contained in the Plan.

CC. Notice of Entry of Confirmation Order. The Debtors shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

DD. Governmental Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and

any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

EE. Discharge of Claims. As provided by Section 14.2 of the Plan, the confirmation of the Plan does not discharge the Debtors from any existing Debts and Claims asserted against the Debtors that arose at any time prior to the Effective Date, as provided by Section 1141(d)(3)(A) of the Bankruptcy Code.

FF. Reference to Plan Provisions. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety

GG. Inconsistency. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

HH. Enforceability. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

II. Findings of Fact and Conclusions of Law. These Findings of Fact and Conclusions of Law and the *First Amended Joint Chapter 11 Plan of the Debtors and the*

*Official Committee of Unsecured Creditors* shall constitute a Final Judgment under the applicable Bankruptcy Rules.

JJ. Final Order. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

**##END OF ORDER##**

**ORDER PREPARED AND SUBMITTED BY:**

*/s/ Stephen W. Rosenblatt*
Stephen W. Rosenblatt (Miss. Bar No. 5676)
Christopher R. Maddux (Miss. Bar No. 100501)
Paul S. Murphy (Miss. Bar No. 101396)
J. Mitchell Carrington (Miss. Bar No. 104228)
Thomas M. Hewitt (Miss. Bar No. 104589)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
steve.rosenblatt@butlersnow.com
chris.maddux@butlersnow.com
paul.murphy@butlersnow.com
mitch.carrington@butlersnow.com
thomas.hewitt@butlersnow.com

ATTORNEYS FOR THE DEBTORS

**APPROVED AS TO FORM FOR ENTRY:**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: */s/ Derek M. Meek*
Derek M. Meek (pro hac vice)
Marc P. Solomon (pro hac vice)
BURR & FORMAN, LLP
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: dmeek@burr.com
Email: msolomon@burr.com

**ITS ATTORNEYS**

**OFFICE OF THE UNITED STATES TRUSTEE**

By: */s/ Christopher J. Steiskal, Sr.*
Christopher J. Steiskal, Sr.
Trial Attorney, United States Department of Justice
Office of the United States Trustee
501 East Court Street, Suite 6.430
Jackson, MS 39201
Telephone: (601) 965-5447
christopher.j.steiskal@usdoj.gov

**THE CHEMOURS COMPANY, LLC,**
**SUCCESSOR-IN-INTEREST TO**
**E. I. DU PONT DE NEMOURS AND COMPANY**

**BALLARD SPAHR LLP**

By: */s/ Tobey M. Daluz*
Tobey M. Daluz, Esquire (admitted *pro hac vice*)
Leslie C. Heilman, Esquire (admitted *pro hac vice*)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
heilmanl@ballardspahr.com

and

J. Lawson Hester, Esquire (MS Bar No. 2394)
WYATT, TARRANT & COMBS, LLP
4450 Old Canton Road, Suite 210
Jackson, MS 39211
Telephone: (601) 987-5305
Facsimile: (601) 997-5353
E-mail: lhester@wyattfirm.com